# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE C. MACK, <br>           **Plaintiff,** <br> v. <br> **NANCY A. BERRYHILL**, Acting <br> **Commissioner of Social Security,** <br>           **Defendant.** | NO. ED CV 17-1142-KS <br><br> **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Joanne C. Mack ("Plaintiff") filed a Complaint on June 11, 2017, seeking review of the denial of her applications for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB"). (Dkt. No. 1.) The parties have consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 12-14.) On February 22, 2018, the parties filed a Joint Stipulation. (Dkt. No. 20 ("Joint Stip.").) Plaintiff seeks an order reversing the Commissioner's decision and ordering the payment of benefits or, in the alternative, remanding for further proceedings. (Joint Stip. at 18-19.) The Commissioner requests that the ALJ's decision be affirmed or, in the

alternative, that the matter be remanded for further proceedings. (*Id.* at 19-20.) The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On March 19, 2013, Plaintiff, who was born on June 24, 1962, filed applications for SSI and DIB. (Administrative Record ("AR") 22, 205-07, 210-15.) Plaintiff alleged disability commencing on October 31, 2012 due to chronic obstructive pulmonary disease, diabetes, and loss of sight in the left eye. (AR 93, 98.) After her applications were denied initially (AR 91-92) and on reconsideration (AR 103-04), Plaintiff requested a hearing (AR 136-37). On February 11, 2015, at an initial hearing at which Plaintiff appeared with counsel, an Administrative Law Judge ("ALJ") heard testimony from Plaintiff, but continued the matter for further development of the record. (AR 43-58.) On August 6, 2015, at a supplemental hearing at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 59-90.) On December 15, 2015, the ALJ issued an unfavorable decision denying Plaintiff's applications for SSI and DIB. (AR 22-36.)

As part of her request for review by the Appeals Council, Plaintiff submitted additional evidence which the Appeals Council made part of the record. (AR 5-6.) On April 19, 2017, the Appeals Council denied Plaintiff's request for review. (AR 1-4.)

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date and had the following severe impairments: non-insulin dependent diabetes mellitus with neuropathy, hypertension, chronic obstructive pulmonary disorder/chronic bronchitis/chronic asthma/emphysema, history of bilateral cataract extraction surgeries, bipolar disorder, rheumatoid arthritis, fibromyalgia, and decreased vision in the right eye.

(AR 25.) The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in the Commissioner's Listing of Impairments. (*Id.*) The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work with additional postural and non-exertional limitations. (AR 26.) The ALJ determined that Plaintiff could not perform her past relevant work as an assistant manager or cleaner. (AR 34.) The ALJ found that Plaintiff could perform other work in the national economy, consisting of the occupations of assembler of plastic hospital parts; electrical assessor assembler; and marker, pricer. (AR 35.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.*)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation omitted); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for

determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted).

## DISCUSSION

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because it is undermined by a treating physician's opinion that was presented for the first time to the Appeals Council. (Joint Stip. at 5.) As discussed below, the Court concludes that this issue does not warrant reversal of the ALJ's decision.

**A. Applicable Law**

A claimant's RFC represents the most a claimant can do despite his or her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998). An ALJ's RFC determination "must set out *all* the limitations and restrictions of the particular claimant." *Valentine v. Comm'r SSA*, 574 F.3d 685, 690 (9th Cir. 2009) (emphasis in original).

//

The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Appeals Council to consider that evidence in determining whether to review the ALJ's decision. *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1162 (9th Cir. 2012). The Appeals Council will review a case if the additional evidence is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). "[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes*, 682 F.3d at 1159-60.

**B.     Background**

The ALJ determined that Plaintiff had an RFC for light work after considering the opinions of an examining physician and two state agency physicians. (AR 33.) The ALJ accorded "significant weight" to the opinion of Dr. Azizollah Karamlou, an examining physician who opined that Plaintiff was capable of light work with some environmental limitations. (AR 33, 657-67.) The ALJ also accorded "less weight" to the opinions of two state agency physicians, who each found Plaintiff's impairments were non-severe. (AR 33, 95, 100, 110, 117.) Because an RFC for light work would not have precluded Plaintiff from performing work existing in significant numbers in the national economy, the ALJ concluded that Plaintiff was not disabled. (AR 35.)

In her request for review by the Appeals Council, Plaintiff submitted for the first time evidence that included a medical opinion and some treatment notes written by her treating physician, Dr. Joel Pengson. (AR 706-32, 733-35.) Dr. Pengson began treating Plaintiff in August 2014 and eventually diagnosed her with fibromyalgia, diabetes mellitus with

neuropathy, chronic obstructive pulmonary disease, emphysema, and degenerative joint disease. (AR 707, 733.) On April 8, 2016, Dr. Pengson completed a Physical Residual Functional Capacity Questionnaire. (AR 733-35.) Dr. Pengson opined that Plaintiff would be limited in a work setting in several respects, such as sitting for 15 minutes at a time, standing for 20 minutes at a time, lifting less than 10 pounds occasionally, and being absent from work more than four days per month. (*Id*.)

The Appeals Council accepted Plaintiff's evidence and made it part of the record. (AR 6.) Without specifically identifying Dr. Pengson's opinion, however, the Appeals Council determined that the new evidence Plaintiff had submitted "is about a later time" than the ALJ's decision on December 15, 2015 and therefore did not affect that decision. (AR 2.) Thus, the Appeals Council denied Plaintiff's request for review. (AR 1-4.)

**C.     Analysis**

For the following reasons, the opinion by Dr. Pengson, presented for the first time to the Appeals Council, did not undermine the substantial evidence upon which the ALJ based her decision. *See Brewes*, 682 F.3d at 1159-60. First, Dr. Pengson's opinion was chronologically irrelevant because it was written on April 8, 2016, four months after the ALJ's decision on December 15, 2015. *See Mayes v. Massanari*, 276 F.3d 453, 458, 459 (9th Cir. 2001) (holding that an ALJ's non-disability determination was supported by substantial evidence despite evidence submitted for the first time to the Appeals Council of a herniated disc diagnosed five months after the ALJ's decision); *see also Johnson v. Berryhill*, 708 F. App'x 345, 346 (9th Cir. 2017) (finding substantial evidence to support the ALJ's non-disability determination where the new evidence presented to the Appeals Council "post-dates the ALJ's decision and is not relevant because it does not relate to the period on or before the ALJ's decision") (citation omitted); *Quesada v. Colvin*, 525 F. App'x 627, 630 (9th Cir. 2013) ("[T]he additional evidence [claimant] submitted to the Appeals

6

Council would not have changed the outcome in the case because it post-dated the ALJ's decision and therefore was not relevant."); *Boyd v. Colvin*, 524 F. App'x 334, 336 (9th Cir. 2013) (finding substantial evidence to support the ALJ's non-disability determination where the new evidence was issued "several months after the ALJ's hearing" and "[did] not cover the period in question"); *Hargress v. SSA, Comm'r*, 883 F.3d 1302, 1310 (11th Cir. 2018) (finding that a treating physician's "physical capacities form" submitted to the Appeals Council but dated five months after the ALJ's decision was chronologically irrelevant); *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008) ("Medical evidence postdating the ALJ's decision, unless it speaks to the patient's condition at or before the time of the administrative hearing, could not have affected the ALJ's decision and therefore does not meet the materiality requirement."). Since Dr. Pengson's opinion did not specifically relate to the period on or before the ALJ's decision, it did not undermine the ALJ's non-disability determination.

Plaintiff argues that Dr. Pengson's new opinion was chronologically relevant because medical opinions generally should be presumed to apply retrospectively and because Dr. Pengson began treating Plaintiff in 2014, before the ALJ's decision in December 2015. (Joint Stip. at 8.) In the specific context here, however, Plaintiff's reasons are insufficient to support an inference that Dr. Pengson's opinion was retrospective. Nothing in Dr. Pengson's opinion (AR 733-35) specifically stated that it related to Plaintiff's condition on or before the date of the ALJ's decision. *See Bales v. Berryhill*, 688 F. App'x 495, 496 (9th Cir. 2017) (rejecting a similar argument that medical evidence submitted for the first time to the Appeals Council was "retrospective in nature" where the evidence did not indicate it related back to the relevant period); *Green v. SSA, Comm'r*, 695 F. App'x 516, 519 (11th Cir. 2017) (finding that new evidence submitted to the Appeals Council was chronologically irrelevant, even where the physician mentioned that the claimant's symptoms preexisted the ALJ's decision, because the physician "did not specify that his opinion applied to the time period before the ALJ's decision"). In the absence of evidence that Dr. Pengson was

purporting to describe Plaintiff's limitations for the relevant period, an inference that his opinion was retrospective is unwarranted.

Second, Dr. Pengson's opinion did not undermine the ALJ's non-disability determination because Dr. Pengson's opinion was inconsistent with his own treatment notes. *See Wilder v. Comm'r of SSA*, 545 F. App'x 638, 640 (9th Cir. 2013) (finding substantial evidence to support the ALJ's non-disability determination where a new medical opinion presented to the Appeals Council was belied by the physician's objectively verifiable test results); *Newcomer v. Berryhill*, 716 F. App'x 652, 653 (9th Cir. 2018) (same where the new medical opinion presented to the Appeals Council proposed an "off task" limitation that "did not have a legitimate basis"); *see also Hargress*, 883 F.3d at 1310 (same where the new medical opinion was contradicted by the physician's own records); *Perks v. Astrue*, 687 F.3d 1086, 1094 (8th Cir. 2012) (finding an ALJ's non-disability determination supported by substantial evidence where a treating physician's new opinion submitted to the Appeals Council was unsupported by clinical or diagnostic data). Dr. Pengson's treatment notes do not contain any abnormal medical findings to suggest a legitimate basis for the extreme functional limitations he proposed. Rather, Dr. Pengson's clinical findings regarding Plaintiff were consistently reported as "not in distress" (AR 675, 677) or "normal" (AR 673, 720, 722, 725, 728). Because Dr. Pengson's opinion was contradicted by his own treatment notes, it is not reasonably probable that the opinion would have changed the outcome had it been before the ALJ.

Third, Dr. Pengson's new opinion did not undermine the ALJ's non-disability determination because the opinion was inconsistent with the other medical opinion evidence that was before the ALJ. *See Boyd*, 524 F. App'x at 336 (finding substantial evidence for the ALJ's non-disability determination where the new evidence, though suggestive of a potential disability, was at odds with the evidence that was before the ALJ); *Chase v. Colvin*, 665 F. App'x 583, 587 & n.2 (9th Cir. 2016) (same where the new evidence was questionable but in

any event was belied by the medical opinion evidence that was before the ALJ); *Johnson*, 708 F. App'x at 346 ("To the extent that [the new] evidence summarizes claimant's medical records preceding the ALJ's decision, [claimant's] other medical providers already evaluated this evidence, and the ALJ already considered and factored their opinions into his decision."). The ALJ actually considered the impairments described in Dr. Pengson's opinion and credited them, as well as additional impairments, as medically severe impairments. (*Compare* AR 25 *with* AR 733.) Yet the ALJ still found the medical record on the whole established Plaintiff's capability to perform light work. No other physician found Plaintiff capable of less than light work. It therefore is not reasonably probable that Dr. Pengson's opinion positing extreme limitations, which were unsupported and contradicted by his own treatment notes, would have changed the outcome of the Commissioner's final decision. Thus, this new evidence is insufficient to undermine the substantial evidence that supported the ALJ's non-disability determination.

Finally, Plaintiff points out that the ALJ had a duty to develop the record. (Joint Stip. at 9.) "An ALJ's duty to develop the record further is triggered only where there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 460 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). Plaintiff's argument appears to be similar to the argument in *Mayes*, in which the claimant argued that new medical evidence that she had presented for the first time to the Appeals Council was evidence the ALJ should have developed in the first instance. *See Mayes*, 276 F.3d at 459-60. The Ninth Circuit rejected that argument, reasoning that "it was not the ALJ's duty to develop the record in such a manner" because the record that was actually before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence, and because the record that existed at the time of the ALJ's decision contained substantial evidence to support a non-disability determination. *See id.* at 461. Here, the record before the ALJ was also not ambiguous or inadequate, and it also contained substantial evidence to support a non-disability determination. The mere fact that Plaintiff

submitted new evidence to the Appeals Council does not mean that the ALJ should have known that the record before her was ambiguous or inadequate. Thus, the ALJ did not fail to properly develop the record.[1]

**CONCLUSION**

For the reasons stated above, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error. Neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: May 30, 2018

                                                                _/s/ Karen L. Stevenson_
                                                                     KAREN L. STEVENSON
                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, the ALJ suspended the first hearing in February 2015 in order to allow Plaintiff to further develop the record of her various conditions, including surgeries and mental health medications as well as to clarify her earnings history to remove false information that was apparently the result of identity theft. (*See* AR 56 ("we need you to get your record, your earnings record straightened out with the field office so that we can get an accurate date last insured. Two, we need all your records, your mental health records and we also need any physical records about your surgeries.").)